**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH EARL LOVEJOY,

        Petitioner,

                                                  CIVIL ACTION NO. 2:09-CV-14554

v.                                            HON. MARIANNE O. BATTANI
                                             UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS AS MOOT**

Kenneth Earl Lovejoy, (Petitioner), filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on November 20, 2009. In his petition, filed by attorney Frank D. Eaman, petitioner challenged his 2003 conviction and sentence of twenty five to forty years out of the Washtenaw County Circuit Court for second-degree murder, M.C.L.A. 750.317. Respondent has now filed a "Suggestion of Death", in which she argues that the petition for writ of habeas corpus should be dismissed because it has been rendered moot by virtue of petitioner's death on or about January 8, 2010.[1] For the reasons set forth below, the Court dismisses the petition for writ of habeas corpus as moot.

---

[1] The M.D.O.C.'s Offender Tracking Information System (OTIS), [Respondent's Attachment], which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was discharged from his prison sentence of twenty five to forty years for second-degree murder in Case # 011822-FC from the Washtenaw County Circuit Court on January 8, 2010 as a result of his death. This is the case that petitioner was challenging in his habeas petition.

1

# I. Discussion

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained in federal court and not considered moot. *Id.* When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).

The death of an inmate during the pendency of his habeas petition in

federal court renders the habeas action moot and deprives the federal court of jurisdiction over the case. *See Hailey v. Russell,* 394 U.S. 915 (1969); *Griffey v. Lindsey,* 349 F. 3d 1157, 1157 (9th Cir. 2003); *Figueroa v. Rivera,* 147 F. 3d 77, 82 (1st Cir. 1998); *Beach v. Humphries,* 914 F.2d 1494 (Table), No. 1990 WL 140574 (6th Cir. September 21, 1990); *Knapp v. Baker,* 509 F. 2d 922, 922 (5th Cir. 1975); *Hauptmann v. Wilentz,* 570 F. Supp. 351, 401 (D.N.J.,1983); *In Re Kravitz,* 504 F. Supp. 43, 52 (M.D. Pa. 1980). Based upon the foregoing, the Court concludes that petitioner's habeas claims have been rendered moot by his death on January 8, 2010.

The Court will dismiss the petition for writ of habeas corpus as moot. The Court will also deny a certificate of appealability. 28 U.S.C. § 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Furthermore, Fed. R. App. P. 22(b) states: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." *See also Kincade v. Sparkman*, 117 F. 3d 949, 953 (6th Cir. 1997)(holding that Rule 22(b) requires district courts to make the initial determination of appealability). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. The Court will deny a certificate of appealability because the petitioner's request for habeas relief is now moot. *See McKinney-Bey v.*

3

*Hawk-Sawyer,* 69 Fed. Appx. 113 (4th Cir. 2003).

## II. ORDER

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
**UNITED STATES DISTRICT JUDGE**

**DATED:** March 5, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via the Court's ECF System.

s/Bernadette M. Thebolt
Case Manager
